UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
ST. LOUIS DIVISION

FRED NEKOUEE, individually,

        Plaintiff,

vs.

MCDONALD'S REAL ESTATE COMPANY,
a Delaware corporation

        Defendant.

Case No. 4:18-cv-00175

## COMPLAINT
(Injunctive Relief Demanded)

PLAINTIFF, FRED NEKOUEE, individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues the Defendant, McDonald's Real Estate Company, a Delaware corporation (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff, Fred Nekouee, is an individual who resides in Tampa, Florida, in the County of Hillsborough.

2. Defendant's property, a McDonald's restaurant, is located at 12499 Natural Bridge Road, Bridgeton, Missouri 63044, in the County of St. Louis.

3. Venue is properly located in the Eastern District of Missouri because venue lies in the judicial district of the situs of the property. The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given

original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.   See also 28 U.S.C. § 2201 and § 2202.

5.   Plaintiff Fred Nekouee is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Fred Nekouee has progressive multiple sclerosis and requires the use of a wheelchair for mobility.   Mr. Nekouee travels to Missouri every three to six months to accompany his brother at heavy equipment auctions, or to visit heavy equipment dealerships, where he assists his brother compare prices to equipment available in other areas, or to help his brother evaluate whether to buy or sell heavy equipment.  Fred Nekouee has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property.   The barriers to access that the Plaintiff encountered at the property have endangered his safety, impaired his ability or those accompanying him to park a vehicle, impaired his ability to access the property, and have impaired his use of the restroom in the McDonald's restaurant.

6.   Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA.  The place of public accommodation that the Defendant owns, operates, leases or leases to is known as the McDonald's restaurant, located at 12499 Natural Bridge Road, Bridgeton, Missouri 63044 ("McDonald's").

7.   Fred Nekouee has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 9 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination

in violation of the ADA by the Defendant. Fred Nekouee desires to visit the McDonald's not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

8. The Defendant has discriminated against the individual by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

9. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). Preliminary inspections of the McDonald's have shown that violations exist. The violations that Fred Nekouee personally encountered or observed include, but are not limited to:

**PARKING**

a. In the parking lot serving the McDonald's restaurant, there are no parking spaces for disabled patrons with van accessible signage in violation of Federal Law 2010 ADAAG §§ 703.7.2.1 and 502.6.

b. In the parking lot, the parking space for disabled patrons has excessive running slope, as high as 1:27.8 (3.6%) and higher than the allowed maximum slope of 1:48 (2%) in violation of Federal Law ADAAG § 502.4.

c. In the parking lot serving the McDonald's restaurant, the bottom corner of the curb ramp does not have the minimum 48 inches (1220 mm) of clear space within the markings in violation of Federal Law 2010 ADAAG § 406.6.

d. In the parking lot serving the McDonald's restaurant, the running slope in the center

of the access aisle for the disabled parking spaces is 1:11 (9.1%) and higher than the maximum slope of 1:48 (2%) in violation of Federal Law 2010 ADAAG §502.4.

e. The slope of the access ramp is 1:8.3 (12%), which slope is dangerously greater than allowed slope of 1:12 (8%), in violation of Federal Law 2010 ADAAG §§ 106.4 and 406.2.

f. The cross slope of the ramp run is 1:33.3 (3%) and higher than the maximum allowed slope of 1:48 (2%) in violation of Federal Law 2010 ADAAG § 405.3.

g. The slope of the accessibility curb ramp sides or the curb ramp flares are 1:1.7 (60.5%), which slope is dangerously greater than the 1:10 (10%) allowed, in violation of Federal law 2010 ADAAG §§ 106.4 and 406.3.

h. The transition from the access aisles of the parking place marked for disabled use to the curb ramp leading to the accessible route to the restaurant contains a change level of 0.75 inches, which change level is greater than the maximum change allowed of 0.5 inches, in violation of Federal law 2010 ADAAG §§ 303.3 and 405.4.

i. The corner curb ramp does not have a clear space of 48 inches (1220 mm) minimum outside of active traffic lanes and the clear space is inside of the drive-through wait areas in violation of Federal Law 2010 ADAAG § 406.6.

j. The slope of the surface within the entrance door required maneuvering space of 60 inches is 1:27.8 (3.6%), which slope is higher than the maximum allowed slope of 1:48 (2%) within the door maneuvering space, in violation of Federal Law 2010 ADAAG § 404.2.4.4.

**INTERIOR FOOD SERVICE AREA AND ENTRANCE DOOR**

k. The force needed to open the restaurant door is 9 pounds, which force exceeds the maximum allowed force of 5 pounds (22.2 N) pertaining to the continuous application of force necessary to fully open a door, in violation of Federal Law 2010 ADAAG § 404.2.9.

l. The cup covers are placed on the shelf above the soda machine dispenser at 58 inches above the floor and higher than the allowed 48 inches above the floor when the reach depth is less than 20 inches in violation of Federal Law 2010 ADAAG § 308.2.2.

**MEN'S RESTROOM**

m. The restroom door clear wall space is 5 inches and less than the minimum of 18 inches for maneuver clearance on the pull side of the door in violation of Federal Law 2010 ADAAG § 404.2.4.

n. The restroom does not have the signage and international symbol of accessibility required by Federal Law 2010 ADAAG §§ 703.7.2.1.

o. The front minimum maneuvering perpendicular width for a pull door parallel approach is 48 inches and less than the required 60 inches in violation of Federal Law ADAAG § 404.2.4.

p. The restroom lacks a rear grab bar that would permit an individual in a wheelchair to use the water closet (toilet) in violation of Federal Law 2010 ADAAG § 604.5.

q. The toilet paper dispenser is outside of the reach range, which dispenser's centerline is zero inches from the front of the water closet and not between 7 inches minimum and 9 inches maximum, in violation of Federal Law 2010 ADAAG § 604.7.

r. The distance from the toilet centerline to the side wall is 20 inches and not within a minimum of 16 inches (405 mm) and a maximum of 18 inches (455 mm) from the side wall, in violation of Federal Law 2010 ADAAG § 604.2.

 s. The paper towel dispenser outlet is 53 inches above the floor, which dispenser is outside of the reach range of an individual in a wheelchair of a minimum of 15 inches (380 mm) and a maximum of 48 inches (1220 mm), in violation of Federal Law 2010 ADAAG § 308.2.1.

 t. The water closet or toilet does not have the flush control mounted on the open and wide side of the clear floor space in violation of Federal Law 2010 ADAAG § 604.6.

 u. The urinal rim is 20.5 inches above the finished floor, which rim is above the maximum of 17 inches above the finished floor to allow an individual in a wheelchair to use the urinal, in violation of Federal Law 2010 ADAAG § 605.2.

 v. The coat hook is 64 inches above the finished floor and higher than the maximum reach of 48 inches above the finished floor, in violation of Federal Law 2010 ADAAG § 603.4.

 w. The liquid soap dispenser in the restroom is 51 inches above the floor and above the maximum reach height of 48 inches above the floor, in violation of Federal Law 2010 ADAAG § 308.2.2.

**WOMEN'S RESTROOM**

 x. The restroom does not have the signage and international symbol of accessibility in violation of Federal Law 2010 ADAAG § 703.7.2.1.

 y. The front maneuvering perpendicular width in a pull door parallel approach with a closer and latch and more than a 24 inch pull side is 49 inches and less than the required 54 inches, in violation of Federal Law 2010 ADAAG § 404.2.4.

 z. The stall width is 42 inches and less than the minimum of 60 inches for a wheelchair accessible compartment, which width does not provide the required clear floor

space and turning space, in violation of Federal Law 2010 ADAAG §§ 604.8.1 and 304.3.

aa.  Grab bars are only provided on the side walls and there is no rear grab bar in violation of Federal Law 2010 ADAAG § 604.5.

bb.  The toilet paper dispenser is outside of the reach range of an individual in a wheelchair, which dispenser's centerline is 5 inches from the front of the water closet or toilet and not between a minimum of 7 inches and a maximum of 9 inches from the front of the water closet, in violation of Federal Law 2010 ADAAG § 604.7.

cc.  The distance from the toilet centerline to the side wall is 20 inches, which distance is not within a minimum of 16 inches (405 mm) and a maximum of 18 inches (455 mm) from the side wall, in violation of Federal Law 2010 ADAAG § 604.2.

dd.  The water closet or toilet does not have the flush control mounted on the open and wide side of the clear floor space in violation of Federal Law 2010 ADAAG § 604.6.

ee.  The coat hook is 64 inches above the floor, which hook is higher than the maximum reach of 48 inches above the floor, in violation of Federal Law 2010 ADAAG § 603.4.

ff.  The liquid soap dispenser in the restroom is 56 inches above the floor, which dispenser is above the maximum reach height of 48 inches (1220 mm) above the floor, in violation of Federal Law 2010 ADAAG § 308.2.2.

10.  All of the foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

11.  The discriminatory violations described in paragraph 9 are not an exclusive list of

the Defendant's ADA violations.  Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.   The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

12. Defendant has discriminated against the individual by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

13. Plaintiff is without adequate remedy at law and is suffering irreparable harm.  Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is

warranted.

14. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

15. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

16. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   All other conditions precedent have been met by Plaintiff or waived by the Defendant.

17. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the McDonald's restaurant and adjacent parking lot spaces to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

    Respectfully submitted,

    s/Robert J. Vincze_____
Robert J. Vincze (MO #37687)
Law Offices of Robert J. Vincze
PO Box 792
Andover, Kansas 67002
Phone: 303-204-8207
Email: vinczelaw@att.net

*Attorney for Plaintiff Fred Nekouee*